## Sampson v. Transue & Williams Steel Forging Corp.

*Richter, Lord & Levy,* for plaintiff.

*H. R. Detweiler* and *John B. Hannum,* for defendants.

*Ralph S. Croskey,* for additional defendants.

WEINROTT, J., June 24, 1963.—This is an action in assumpsit to recover damages for an alleged breach of warranty. The complaint alleges that the several original defendants either manufactured the alleged defective article or were in the chain of title; it is alleged that, by reason of a defective axle, the truck involved crossed the center line of a highway and struck plaintiff's motor vehicle head on, seriously injuring him.

Defendant, Mack Trucks, Incorporated, filed a complaint joining Elizabeth A. Marateo, Joseph D. Marateo and Herman Alston as additional defendants. Plaintiff's complaint in this matter identifies the Marateos as the owners of the truck at the time of the accident; additional defendant Alston is not identified. The complaint of defendant, Mack Trucks, Incorporated, against these additional defendants fails to identify them except by name and merely alleges that if there was a breach of warranty it was that of the additional defendants.

Preliminary objections were filed by additional defendants; the objections are misjoinder of causes of action, failure to conform to the procedural rules and failure to state a cause of action.

The objections were sustained and defendant, Mack Trucks, appealed to the Supreme Court. A petition to

remand was granted and the record was returned to this court. Additional defendants then filed amended preliminary objections and to these Mack Trucks filed preliminary objections.

Mack Trucks contends that since additional defendants' amended objections state that they were not the sellers of goods, made no warranties, but on the contrary were the owner and driver of said vehicle, the objections contain facts not of record and are a speaking demurrer. Mack Trucks has overlooked the fact that the original complaint alleged that the Marateos were the owners of the truck; a demurrer opens up the entire record and therefore Mack Trucks' point is not well taken. The fact of ownership is therefore well pleaded. There being no sale or contract of sale by the Marateos, no warranties can arise: Loch v. Confair; 361 Pa. 158.

It should be noted that defendant Mack Trucks' complaint against the additional defendants has failed to plead any facts upon which the additional defendants can be said to be liable. Defendant's complaint does not even identify the capacity of the additional defendants and it violates Pa. R. C. P. 1019(a).

We do not believe that the complaint of defendant, Mack Trucks, against additional defendants sets forth any basis of liability on the part of said additional defendants even when the same is considered in conjunction with plaintiff's complaint in assumpsit.

### Order

And now, June 24, 1963, the amended preliminary objections of additional defendants, Elizabeth A. Marateo, Joseph D. Marateo and Herman Alston, are sustained, and the complaint of defendant, Mack Trucks, Incorporated, is dismissed.

Said defendant's preliminary objections are dismissed.